

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2003

# USA v. Fletcher

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2846

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Fletcher" (2003). *2003 Decisions.* Paper 448.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/448

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2846
_____

UNITED STATES OF AMERICA

v.

ANTONIO FLETCHER,
a/k/a Tone,

Antonio Fletcher,
Appellant.

_____

On Appeal from the Order of the United States District Court
for the District of New Jersey
(No. 00 Cr. 739)

District Court Judge: The Honorable Stephen M. Orlofsky

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 8, 2003

Before: ALITO, FUENTES, GREENBERG Circuit Judges

(Opinion Filed: June 20, 2003 )

OPINION OF THE COURT

FUENTES, <u>Circuit</u> <u>Judge</u>.

The matter before the Court is an appeal from the District Court's entry of judgment and imposition of a 120-month term of incarceration in connection with the guilty plea of appellant Antonio Fletcher ("Fletcher"). Fletcher agreed to waive his right to prosecution by indictment and pleaded guilty to a single-count information charging him with bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. The plea agreement contained a standard provision in which Fletcher and the Government agreed that there was no basis for either a downward or upward departure and that neither party would file such a motion prior to sentencing. Despite a thorough colloquy at his plea hearing, Fletcher now claims that he did not understand this provision and that the District Court erred in accepting his plea, notwithstanding his failure to object to the provision at that hearing. He seeks remand in order to permit him to file a motion for a downward departure, or in the alternative, renegotiation of his plea agreement. Fletcher has failed to establish that it was plain error for the District Court to accept his guilty plea, and therefore, we will affirm.

**I.**

On May 9, 2000, Fletcher and a co-conspirator, Richard Everett ("Everett") robbed the Equity National Bank in Lawnside, New Jersey. They fled with a bag containing

approximately $17,156.21. Fletcher and Everett then led the police on a high speed chase during which they caused another driver's car to flip. Later, they continued on foot into a residential neighborhood, where they broke into a home and held an elderly couple at gunpoint.

Despite the serious offenses committed, the Government offered Fletcher a favorable plea agreement, permitting him to plead guilty to a single count of bank robbery. The plea agreement contained a standard provision stating that the "parties agree that there is no basis for any upward or downward departure or any upward or downward adjustment not set forth herein. Accordingly, neither party will seek or argue for any departure or adjustment not set forth herein." The provision appeared as part of a list of stipulations in "Schedule A," attached to the signed plea agreement. At his plea hearing, Fletcher stated on the record that he understood the entire plea agreement and that he was entering into it voluntarily and knowingly. He never objected to the provision that precluded him from filing a motion for a downward departure. Ultimately, the District Court sentenced Fletcher to 120 months of imprisonment.

## II.

Fletcher's primary contention on appeal is that he did not understand and/or was not informed of the provision in the plea agreement precluding the filing of a motion to increase or decrease his sentence. Therefore, Fletcher contends that the District Court erred in accepting his guilty plea. Specifically, he claims that he did not understand the

downward departure provision because (1) the stipulations in Schedule A appear after his signature on the last page of the body of the agreement; (2) at the plea hearing, Fletcher's copy of the plea agreement was missing the final page which contained the specific provision in question; and (3) the District Court read a confusing statement which led Fletcher to believe that he had preserved his right to pursue a motion for a downward departure.

Because he failed to raise a timely objection to the purported error in the District Court, we review the matter for plain error. Under the plain error standard, Fletcher must show that "(1) the District Court erred; (2) its error was plain, i.e., the error was 'clear' or 'obvious'; (3) the error affected '[defendant's] substantial rights'; and (4) the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Reynoso, 254 F.3d 467, 474 (3d Cir. 2001) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

None of Fletcher's contentions on appeal establish plain error. First, the fact that the stipulations in Schedule A are attached to the plea agreement after the signature page is unremarkable. Page two of the plea agreement specifically incorporates Schedule A by reference, and Fletcher cannot claim that he did not know of the existence of the stipulations because he only signed page four. Second, at his plea hearing, Fletcher's counsel notified the Court that the copy of the plea agreement which he was reading at that time was missing page six, where the downward departure stipulation appears.

4

Nevertheless, the Government promptly provided a copy of the missing page. It also bears repeating that the District Court specifically asked Fletcher if he understood all of the stipulations and the plea agreement in its entirety. Fletcher responded affirmatively to both inquiries.

Third, Fletcher claims that the District Court misled him into believing that he would be able to move for a downward departure, notwithstanding the plea agreement. The Court simply stated:

> And do you understand that after your guideline range has been determined, that the court has the authority under certain circumstances to depart from the guideline range -- excuse me; depart from the guidelines and impose a sentence that is rather more severe or less severe tha[n] is called for in the sentencing guidelines?

From this standard clarification which District Judges are required to make on the record, Fletcher claims that he understood that he retained a right to file a downward departure motion. Specifically, Fletcher argues that "the defendant was advised explicitly by the court that the court could depart downwardly from the guidelines, leading him to believe that he would be able to make a motion asking the court for such a downward departure." Appellant's Brief, at 14. We strain to see how a clarification about the District Court's independent authority to depart from the guidelines can be interpreted as preserving Fletcher's right to file a motion for downward departure, which he relinquished in an unambiguous and favorable plea agreement. In any event, the Court's clarification cannot be the basis of plain error in the manner advanced by Fletcher.

In closing, we also note that Fletcher's requested relief--remand to permit him to

5

file a motion for a downward departure, or alternatively, to permit him to renegotiate his plea agreement--is a unilateral attempt to modify his plea agreement. We find no grounds to grant such extraordinary relief. See United States v. Cianci, 154 F.3d 106, 110 (3d Cir. 1998) ("Under the law of this circuit, [defendant] cannot renege on his agreement."). Fletcher has not moved to vacate his plea, and it is doubtful that he could do so in good faith when his guilty plea was voluntary and intelligent. Therefore, Fletcher's attempt to preserve the benefits of a favorable deal and, simultaneously, to recover relinquished rights is denied.

## III.

For the reasons set forth above, the District Court did not plainly err in accepting Fletcher's guilty plea. We will affirm the judgment and sentence imposed by the District Court.

_____

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

By the Court,

/s/ Julio M. Fuentes

Circuit Judge

7